FILED
2025 Sep-30 PM 05:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| MEOSHA GOODE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 5:25-cv-01321-CLM |
| THE LINCOLN NATIONAL | ) | |
| LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

# REPORT OF PARTIES' PLANNING MEETING

1. **Synopsis of the case**.

a. Plaintiff's claims are stated generally in the Complaint and are adopted herein. Plaintiff was a participant in an ERISA-governed welfare benefit plan established and maintained by her employer, Brown-Forman Corporation, to provide long-term disability benefits to eligible employees. The plan is funded by a policy of insurance issued by Defendant, The Lincoln National Life Insurance Company. Plaintiff seeks recovery of these benefits and all others to which she may be entitled pursuant to a finding she is totally disabled. Plaintiff further seeks interest, costs and attorneys' fees, as well as certain other injunctive reliefs identified in her Complaint. Pain was improperly ignored along with clinical exam findings from a treating physicians. In particular Defendant failed to take into account a nerve conduction study submitted before the decision and which objectively verified the nerve damage causing pain. The process was also unfair and unreasonable in using tolling to suit Defendant's purposes but rejecting its use if that was disadvantageous. The unfairness was brought to Defendant's attention in a 22 page letter dated April 25, 2025 with additional evidence documenting ongoing disability. This was ignored.

b. Defendant's defenses are stated generally in its Answer, and they are adopted herein. Defendant contends it is not liable because it

complied with all terms of the relevant policy. Defendant reasonably, appropriately, and in good faith investigated Plaintiff's claim for benefits and determined that he was not eligible for benefits under the terms of the policy.

2. **The following persons participated in a Federal Rule of Civil Procedure 26(f) conference on September 29, 2025, by telephone and at various times before that date to finalize the report.**

David P. Martin, representing Plaintiff

Iwana Rademaekers, representing Defendant

3. **Initial Disclosures**. The parties have exchanged the information required by Local Rule 26.1 (a)(1).

4. **Discovery Plan. The parties propose this discovery plan**

(a) Discovery will be needed on the following subjects: Plaintiff's claim is pursuant to 29 U.S.C. § 1132(a)(1)(B) for recovery of disability benefits from an ERISA plan, which is insured by Defendant's policy. As such, any discovery sought by Plaintiff is limited to those topics deemed appropriate for these specialized claims.

(b) All discovery commenced in time to be completed by **June 23, 2026**.

(c) Supplementation under Rule 26(e) due as soon as reasonably possible after new information is discovered, but no later than **30** days before the close of discovery.

(d) Reports from retained experts under Rule 26(a)(2) due:

(i.) from Plaintiff by **<u>March 24, 2026</u>**.

(ii.) from Defendant by **<u>April 23, 2026</u>**.

(e) Maximum of **<u>25</u>** interrogatories by each party to any other party without prior approval of the Court. Responses due **<u>30</u>** days after service.

(f) Maximum of **<u>30</u>** requests for admission and **<u>30</u>** requests for production by each party to any other party without prior approval of the Court. Responses due **<u>30</u>** days after service.

(g) Maximum of 30 requests for production by each party to any other party without prior approval of the Court. Responses due **<u>30</u>** days after service.

(h) Maximum of **<u>5</u>** depositions by Plaintiff and **<u>5</u>** by Defendant (excluding experts and parties) without prior approval of the Court.

(i) Each deposition is limited to a maximum of **<u>7</u>** hours.

5. **Other Items:**

(a) The parties do not request a conference with the court prior to the entry of the scheduling order.

(b) Plaintiff should be allowed until **<u>January 3, 2026</u>** to join additional parties and to amend the pleadings.

(c) Defendant should be allowed until **<u>January 31, 2026</u>** to join additional parties and to amend the pleadings.

(d) All potentially dispositive motions should be filed by **July 23, 2026**.

(e) Settlement prospects cannot be evaluated until the parties exchange initial disclosures and engage in discovery.

(f) The parties are receptive to mediation but do not request Court ordered mediation at this time. The usefulness of Alternative Dispute Resolution procedures cannot be evaluated until the parties exchange initial disclosures and engage in written discovery.

(g) All pre-trial disclosures and final lists of trial evidence under Rule 26(a)(3) should be due pursuant to the terms of the pretrial order or **30** days before trial if no pretrial order is entered.

(h) Parties should have **14** days after service of final lists of trial evidence to list objections under Rule 26(a)(3).

(i) The Parties request a final pretrial conference on or after **November 2026.**

(j) The case should be ready for a non-jury trial on or after **December 1, 2026** and at this time is expected to take approximately **1-2 days**.

(k) **Other Matters.** None.

Respectfully Submitted,

s/ *David P. Martin*
**DAVID P. MARTIN**
(ASB-3500-M68D)
Attorney for Plaintiff
**THE MARTIN LAW GROUP, LLC**
P.O. Box 20087
Tuscaloosa, AL 35402
PH: (205) 343-1771
FX: (205) 3431781
Email: david@erisacase.com

ATTORNEYS FOR PLAINTIFF

AND

*/s/Iwana Rademaekers*
**IWANA RADEMAEKERS**
(*Admitted Pro Hac Vice*)
Texas Bar No. 16452560
Attorney for Defendant
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

- And -

Matthew W. Robinett
ASB-3523-I72M
Attorney for Defendant
NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 328-6643
Facsimile: (205) 251-5479
Email: mrobinett@nwkt.com

ATTORNEYS FOR DEFENDANT

**Meosha Goode v. The Lincoln National Lief Insurance Company**
**Case No. 5:25-cv-01321-CLM**

## A. Deadlines

| Parties' Report | | Court Suggestion |
|---|---|---|
| Exchanged on or by September 29, 2025 | Initial Disclosures | |
| P: January 3, 2026<br>D: January 31, 2026 | Deadline to Join Parties or Amend Pleadings | P:<br>D: |
| 30 days before the close of discovery | Rule 26(e) Supplementations | |
| P: March 24, 2026<br>D: April 23, 2026 | Expert Reports | P:<br>D: |
| June 23, 2026 | Fact & Expert Discovery Complete | |
| n/a | Status Conference (telephone) | |
| July 23, 2026 | Dispositive motions | *Follow Appx II* |
| 30 days before trial (if no pretrial order) | Witness and Exhibit Lists | |
| 14 days after service | Motions in Limine/Objections | *Follow Appx IV* |
| 14 days after service | Responses to MIL/Objections | |
| November 2026 | Pretrial Conference | |
| (1-2 days) | Trial Date (Jury) | (x-x days) |

## B. Discovery Limits

| Parties' Suggestion | | Court Suggestion |
|---|---|---|
| 25 each, due within 30 days of service | Interrogatories | each, due within 30 days of service |
| 30 each, due within 30 days of service | Requests for Admissions | each, due within 30 days of service |
| 30 each, due within 30 days of service | Requests for Production | each, due within 30 days of service |
| 5 each, 7 hours each | Depositions | |